IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| KAREN D. MITCHELL, | ) |
| Movant, | ) |
| v. | ) No. 07-5022-CV-SW-DW-P |
| | ) Crim. No. 04-5017-6-CR-SW-DW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER**

Before the Court is Karen D. Mitchell's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1). For the following reasons the motion is denied.

**Background**

On June 2, 2005, Mitchell was charged with conspiring to distribute more than 500 grams of methamphetamine, use of a communications facility in facilitating the conspiracy, and distributing methamphetamine. Mitchell pled guilty to the Count I conspiracy charge pursuant to a plea agreement. The statutory minimum penalty for conviction of conspiracy to distribute 500 grams of methamphetamine is ten years. The presentence investigation report ("PSR") stated a base offense level of 32 and a total offense level of 29. The PSR calculated Mitchell's criminal history as category IV. Based on the PSR, Mitchell's advisory Guideline range was 121 to 151 months. On March 14, 2006, Defendant appeared for sentencing and made no objections to the PSR or to the low-end Guideline sentence (121 months) the Court imposed.

Mitchell now alleges that Respondent violated the plea agreement. She claims that the prosecutor gave her "5 points, 3 for being in state custody, and two points for being on

probation" after agreeing in the plea agreement to not seek enhancements under the United States Sentencing Guidelines ("U.S.S.G.").

**Discussion**

As a preliminary matter, the Court finds a hearing on this matter unnecessary. A petitioner is entitled to a hearing on a § 2255 motion unless the motion, files, and record conclusively show she is not entitled to relief. United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005). A § 2255 motion may be dismissed without a hearing if petitioner's allegations, accepted as true, would not entitle her to relief; or the allegations cannot be accepted as true because they are contradicted by the record. Id. In this case, Mitchell's allegations are directly contradicted by the record and the record provides all facts necessary to determine the merits of the claim. Accordingly, the Court denies an evidentiary hearing in this case.

As part of her plea agreement with the Government, Mitchell waived her right to attack her conviction and sentence on direct appeal or in collateral proceedings. A waiver of post-conviction rights is valid in the Eighth Circuit. United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc). Although there are exceptions to such waivers, none are applicable in the instant case. See Andis, 333 F.3d at 891-92. At her change of plea hearing, she acknowledged that the waiver was knowing and voluntary. Here, Mitchell does not argue that her post-conviction waiver is unenforceable or that it resulted in an illegal sentence or manifest injustice. The Court finds that Mitchell waived the right to raise her instant claim.

Aside from the waiver issue, the plea agreement specifically excludes Mitchell's criminal history calculation from its scope—"[t]here is no agreement between the parties regarding the defendant's criminal history category . . . [t]he parties agree that the Court will determine her

2

applicable criminal history category after receipt of the presentence investigation report." To the extent that Mitchell disagrees with the calculation of her criminal history category, this should have been raised at sentencing. At sentencing Mitchell did not object to the PSR or to the calculation of her criminal history category. Finally, there is no evidence in the record that Mitchell's sentence was the result of the "prosecutor" seeking enhancements under the U.S.S.G.

Having considered the record and the parties' arguments, the Court ORDERS that

1) Karen D. Mitchell's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DENIED;

2) Any subsequent request for a certificate of appealability for this Order is DENIED as Movant has not made a substantial showing of the denial of a constitutional right.


Date:   May 25, 2007                                    /s/ DEAN WHIPPLE
                                                                                                     Dean Whipple
                                                                                United States District Court